UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VALERIE GUSTAFF,

                                    Plaintiff,

              -against-                                    **<u>MEMORANDUM AND ORDER</u>**

MT ULTIMATE HEALTHCARE,                                    06-CV-5496 (SLT)(LB)

                                    Defendant.
------------------------------------------------------------x
**TOWNES, United States District Judge:**

         Plaintiff, Valerie Gustaff, proceeding *pro se*, brings this action pursuant to Title VII of

the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., against her former employer, defendant

MT Ultimate Healthcare.  On June 21, 2007, after several unsuccessful attempts to help plaintiff

serve her complaint on defendant, Magistrate Judge Lois Bloom filed a Report and

Recommendation dated June 20, 2007 (the "R&R"), recommending that plaintiff's complaint be

dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.  On June 23, 2007,

plaintiff filed a letter which implicitly objected to a portion of the R&R by alleging that plaintiff

had "served the Resident Agent, Mary Tarkowski, for MT Ultimate, located at 45 Main Street,

Ste 615, in Brooklyn, NY 11201."  For the reasons set forth below, this Court concludes, upon

de novo review, that plaintiff has not served defendant, and adopts the R&R in its entirety.

                                    *BACKGROUND*

         Plaintiff commenced this action on October 4, 2006, by filing both her complaint and a

motion for leave to proceed *in forma pauperis*.  By order dated October 13, 2006, Magistrate

Judge Bloom granted plaintiff's motion and directed that the United States Marshals Service

serve defendant with the summons and complaint.  Pursuant to that order, the Marshals Service

first attempted service by mail pursuant to Fed. R. Civ. P. 4(d).  When defendant failed to

respond to the request for a waiver of service, the Marshals Service attempted personal service at the address provided in the complaint – 45 Main Street, Suite 617, Brooklyn – and ascertained that defendant had moved from the premises.

Upon learning that the Marshals Service had been unsuccessful in serving defendant, Magistrate Judge Bloom issued an order dated February 8, 2007, directing plaintiff to provide another address for defendant. In response, plaintiff sent Magistrate Judge Bloom a letter dated February 19, 2007, in which she provided an address for Maude McCalman, who worked with plaintiff at MT Ultimate Healthcare, and the home address of Sonny Tudeme, the son of defendant's Chief Executive Officer. Plaintiff asserted that either address could be used to serve process on MT Ultimate Healthcare, but did not explain what position Maude McCalman and Sonny Tudeme held with defendant corporation. In addition, plaintiff attached a copy of a document which defendant had filed with the Securities and Exchange Commission ("SEC"), but this established only that defendant was a corporation and that Malcolm Tudeme had been defendant's CEO as of May 14, 2004.

In an order dated February 26, 2007, Magistrate Judge Bloom explained how to effect service upon a corporation and stated that the Court would not direct service upon the two named individuals. However, taking note of the SEC document attached to plaintiff's letter, Magistrate Judge Bloom advised plaintiff that all corporations are required to file documents with the state in which they are incorporated. Magistrate Judge Bloom further implied that information concerning the agents authorized to accept service of process on behalf of a corporation might be available through the Secretary of State, and gave plaintiff until April 2, 2007, to provide the Court with an address at which the Marshals Service could serve defendant.

On March 12, 2007, plaintiff wrote Magistrate Judge Bloom a letter, attaching a document indicating that MT Ultimate Healthcare Corp. was incorporated in Nevada, but was registered as a foreign business corporation in New York State.  In response, Magistrate Judge Bloom issued another order, which advised plaintiff that she might serve defendant pursuant to New York Business Corporation Law § 306.  That order cited *Shimel v. 5 S. Fulton Ave. Corp.*, 11 A.D.3d 527, 783 N.Y.S.2d 54 (N.Y. App. Div. 2d Dep't 2004), for the proposition the "service of process on a corporate defendant by serving the Secretary of State pursuant to Business Corporation Law § 306 is valid service," and advised plaintiff that she could "contact the Secretary of State for information regarding how to effect service in this manner."  *Gustaff v. MT Ultimate Healthcare*, No. 06 CV 5496 (SLT)(LB), slip op. at 1 (E.D.N.Y. Mar. 20, 2007). Magistrate Judge Bloom further extended plaintiff's time to effect service to May 4, 2007.

On March 26, 2007, plaintiff sent Magistrate Judge Bloom a letter, thanking her for citing to *Shimel*, but inexplicably attaching documents obtained from the Nevada Secretary of State's website for an entity named MT Ultimate Services, Inc.  These documents made no reference to MT Ultimate Healthcare or its CEO, Malcolm Tudeme.  Rather, they stated that one Mary A. Tarkowski of Las Vegas, Nevada, was the President, Secretary, Treasurer, Director, and Resident Agent of MT Ultimate Services, Inc., and that the Articles of Incorporation for MT Ultimate Services, Inc., had been filed on November 14, 2005.

On March 28, 2007, plaintiff wrote to the Clark County Sheriff's Civil Process Center in Las Vegas to arrange service of process on Tarkowski.  Plaintiff's letter attached copies of the complaint and the sole exhibit thereto – the "Dismissal and Notice of Rights" form (hereinafter, the "Right-to-Sue Letter") which had been sent to plaintiff by the U.S. Equal Employment

Opportunity Commission ("EEOC") on September 22, 2006.  Plaintiff did not attach a copy of the summons.  On April 16, 2007, Deputy Sheriff Michael L. Kimpel personally served the complaint and the Right-to-Sue Letter on Tarkowski's daughter.  However, Kimpel did not have and, therefore, did not serve the summons.  *See* Affidavit of Service of Michael L. Kimpel, dated April 19, 2007.  Tarkowski has not filed a responsive pleading with this Court.

On June 20, 2007, Magistrate Judge Bloom issued the R&R, recommending that plaintiff's complaint be dismissed for failure to serve the summons and complaint upon defendant within 120 days of the date on which the complaint was filed.  The R&R held that Kimpel's service upon Tarkowski could not "be accepted as service on the defendant . . . for two reasons."  R&R at 2.  First, the service upon Tarkowski was inadequate because the summons was not served with the complaint.  Second, plaintiff had not demonstrated that she had served defendant by serving Tarkowski, the Resident Agent of MT Ultimate Services, Inc.  The R&R also advised plaintiff that she could file written objections to the R&R within 10 days of its filing.

On June 23, 2007, plaintiff sent Magistrate Judge Bloom a letter "[r]eferencing" the magistrate judge's "letter dated June 21, 2007 . . . ."  *See* Letter to Judge Lois Bloom from Valerie Gustaff, MBA, dated June 23, 2007, at 1.  Although plaintiff's letter did not expressly state any objections, that letter asserted that plaintiff had "served the Resident Agent, Mary Tarkowski, for MT Ultimate, located at 45 Main Street, Ste 615, in Brooklyn, NY 11201."  *Id.* Plaintiff made no attempt to substantiate her belief that MT Ultimate Services, Inc., was the same corporation as, or the alter ego of, defendant but merely asserted, "There is ONLY one MT Ultimate and I served them."  *Id.*  In addition, the letter explained that plaintiff had not attempted

to serve defendant pursuant to Business Corporations Law § 306 because "the NY Department of State – Division of Corporations" had told plaintiff "that there was no registry for MT Ultimate or MT Ultimate Healthcare." *Id.*

## DISCUSSION

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." *Id.* Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A court is not required to review the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

To the extent that plaintiff's June 23, 2007, letter can be construed as objecting to Magistrate Judge Bloom's R&R, it raises an objection only to that portion of the R&R which held that plaintiff's service upon Tarkowski was not adequate service upon defendant. Moreover, plaintiff objects only to one of Magistrate Judge Bloom's two reasons for finding plaintiff's service to be inadequate; plaintiff insists that MT Ultimate Services, Inc., is the same entity that operated the 45 Main Street office where she worked because "[t]here is ONLY one MT Ultimate." *See* Letter to Judge Lois Bloom from Valerie Gustaff, MBA, dated June 23, 2007, at 1. Plaintiff does not object to Magistrate Judge Bloom's finding that service on Tarkowski was inadequate because plaintiff served only the complaint and the Right-to-Sue Letter, and did not serve a copy of the summons.

5

In light of plaintiff's objection, this Court has conducted a de novo review of the relationship between MT Ultimate Service, Inc., and defendant. Contrary to plaintiff's bald assertion that "[t]here is ONLY one MT Ultimate," the documents produced by plaintiff herself establish that MT Ultimate Services. Inc., is not the corporation for which plaintiff worked. According to the documents which plaintiff obtained from the Nevada Secretary of State's website, MT Ultimate Services, Inc. was not even incorporated until November 14, 2005. The entity for which plaintiff worked, on the other hand, was already a Nevada corporation in February 2004, when it registered with the New York Secretary of State as MT Ultimate Healthcare Corp. Malcolm Tudeme was the CEO of plaintiff's employer at the time plaintiff was fired in late August 2005, but Tarkowski was the president and director of MT Ultimate Services, Inc., as of November 14, 2005.

Even assuming that the two corporations were one and the same, plaintiff failed to effect proper service upon the corporation because she failed to serve Tarkowski with a copy of the summons. Under Rule 4(c)(1) of the Federal Rules of Civil Procedure, "[a] summons shall be served together with a copy of the complaint." Unless otherwise provided by federal law, service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service *of a summons* upon the defendant in an action brought in the courts of general jurisdiction of the State." Fed. R. Civ. P. 4(e)(1) (emphasis added); *see* Fed. R. Civ. P. 4(h)(1) (providing that service on corporations may be made pursuant to Rule 4(e)(1)). "The plaintiff is responsible for service of a summons and complaint within the time allowed under [Rule 4] (m)" and is required to "furnish the person effecting service with the necessary copies of the summons and complaint." Fed. R. Civ. P. 4(c)(1).

In this case, plaintiff sent the Clark County Sheriff's Office only copies of the complaint and the Right-to-Sue Letter. *See* Letter to Sheriff's Civil Process Section from Valerie Gustav, dated Mar. 28, 2007, and papers attached thereto. As a result, Deputy Sheriff Kimpel served only these two documents. The summons was never served upon Tarkowski. Therefore, this service of process was inadequate under Rule 4(e)(1), even assuming Tarkowski was an officer or agent authorized to accept service on behalf of defendant corporation.

Since plaintiff's only objection to the Magistrate Judge Bloom's R&R is without merit, this Court adopts the R&R in its entirety. Although a dismissal pursuant to Rule 4(m) is without prejudice, this Court recognizes that plaintiff may be precluded from re-filing this action by operation of the relevant statutes of limitation. Nonetheless, this Court agrees with Magistrate Judge Bloom that it would not be in the interest of justice to further extend plaintiff's time to serve defendant. Magistrate Judge Bloom already granted two such extensions, and went above and beyond the call of duty by providing plaintiff with very specific guidance regarding how to serve defendant. Pursuant to those instructions, plaintiff contacted the New York Department of State, but learned that defendant was no longer registered as an "active" corporation. Plaintiff's failure to serve defendant, therefore, does not appear to be due to ignorance on the part of the *pro se* plaintiff, but due to the fact that defendant is no longer in business and cannot be served. Under these circumstances, it would be futile to grant plaintiff a further extension of time to serve defendant.

**CONCLUSION**

For the reasons set forth above, this Court concludes that plaintiff's objection to

Magistrate Judge Bloom's Report and Recommendation, dated June 20, 2007, is without merit.

Accordingly, that Report and Recommendation is adopted in its entirety, and this case is

dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m). This Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal from the judgment entered pursuant to this Memorandum

and Order would not be taken in good faith and that *in forma pauperis* status should, therefore,

be denied for purpose of an appeal.

**SO ORDERED.**

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
      July 10, 2007