UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VALERIE GUSTAFF,

                Plaintiff,

      — against —                      **MEMORANDUM and ORDER**

MT ULTIMATE HEALTHCARE,                06-CV-5496 (SLT)(LB)

                Defendant.
----------------------------------------------------------X
**TOWNES, United States District Judge:**

      Plaintiff, Valerie Gustaff, proceeding *pro se*, brought an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against her former employer, defendant MT Ultimate Healthcare. On June 21, 2007, after several unsuccessful attempts to help plaintiff serve her complaint on defendant, Magistrate Judge Lois Bloom filed a Report and Recommendation dated June 20, 2007 (the "R&R"), recommending that plaintiff's complaint be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. On June 23, 2007, plaintiff filed a letter which implicitly objected to a portion of the R&R. This Court concluded, upon de novo review, that plaintiff had not served defendant, adopted the R&R in its entirety and dismissed plaintiff's complaint without prejudice.

      On July 12, 2007, Judgment was entered by the Clerk of the Court in accordance with this Court's Memorandum and Order. On March 6, 2008, Plaintiff filed a motion to extend the time to file a notice of appeal, pursuant to Fed. R. App. P. 4(a)(5).

      In support of her motion, Gustaff asserts that she was never notified of the Court's decision. Gustaff writes: "I was very shocked on 2/26/08 when my boyfriend suggested that I googled [*sic*] my name and accidentally stumbled upon the Memorandum and Order . . . . After printing this order from my computer, needless [*sic*] that I immediately contacted the Pro Se

Office." (Mot. ¶ 2.) Gustaff makes no other arguments. Instead, Gustaff appears to object to portions of the R&R that this Court has already adopted.

## DISCUSSION

Under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, "a notice of appeal in a civil case to which the United States is not a party must be filed within 30 days of entry of the judgment from which appeal is taken. This requirement is mandatory and jurisdictional." *Martinez v. Hoke*, 38 F.3d 655, 656 (2d Cir. 1994) (internal citations and quotation marks omitted); *see also* 28 U.S.C. § 2107(a). Although Fed. R. App. P. 4(a) applies to appeals made to the court of appeals, only the district court has the power to extend the time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5). Plaintiff moves for an extension of time to file a notice of appeal under Rule 4(a)(5)(A) which provides:

> The district court may extend the time to file a notice of appeal if:
>
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed. R. App. P. 4(a)(5). Unless a motion under this provision is made on or before the thirty-day period following the expiration date of filing a notice of appeal, the "district court lacks jurisdiction . . . to grant [the] motion." *Martinez*, 38 F.3d at 656 (citing *Melton v. Frank*, 891 F.2d 1054, 1056 (2d Cir. 1989) ("If . . . the motion to extend is not filed within subdivision (a)(5)'s grace period, the district court is without power to grant an extension.")); *see also Endicott Johnson Corp. v. Liberty Mutual Ins. Co.*, 116 F.3d 53, 56 (2d Cir. 1997).

The Clerk of Court entered Judgment on July 12, 2007 and plaintiff's request for leave to file a notice of appeal out of time was filed on March 6, 2008. It is clear that Plaintiff's motion for an extension was not filed within thirty (30) days of the date on which plaintiff's time to file a notice of appeal expired. As a result, this Court lacks jurisdiction to grant Plaintiff's motion for an extension of time to file a notice of appeal pursuant to Rule 4(a)(5). *See Martinez*, 38 F.3d at 656; *see Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) ("the court may not extend this grace period unless a party so moves *no later* than 30 days after the expiration of the original time to file a notice of appeal under Rule 4(a).") (internal quotation marks omitted); *Endicott Johnson Corp.*, 116 F.3d at 56 ("the court [is not] authorized to grant a motion that was filed beyond the 30-day extension period.").

Although plaintiff makes no mention of Fed. R. App. P. 4(a)(6), the rule permits the district court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced

Fed. R. App. P. 4(a)(5); *see also* 28 U.S.C. § 2107(c). Contrary to Gustaff's assertion that she did not receive the Court's decision, the record shows that copies of the Court's Memorandum

3

and Order[1] and the Clerk's Judgment were mailed to Gustaff. Thus, Gustaff, as the moving party, cannot establish that she did not receive such notice from the clerk or any party within 21 days of its entry. *Avolio v. County of Suffolk*, 29 F.3d 50, 52 (2d Cir. 1994).

The Court reminds Gustaff that the Court dismissed her complaint without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff may contact this Court's *Pro se* Office for further assistance.

**CONCLUSION**

For the reasons set forth above, Plaintiff's motion to extend the time to file a notice of appeal, pursuant to Fed. R. App. P. 4(a)(5), is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
June 20, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge

---

[1] It is this Court's practice to mail copies of its Memorandum and Order to *pro se* parties.